Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50026 | **DATE** | 2/13/2002 |
| **CASE TITLE** | WOODARD vs. SUNDSTRAND | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion to dismiss is granted. Plaintiff is given leave to file an amended complaint as to any post-January 24, 1999, § 1981 claims only, within 21 days.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | FEB 14 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 FEB 14 AM 10:59 | 2-14-02 | |
| | | FILED-WD | date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | DW mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Booker T. Woodard, filed, pro se, a complaint and subsequent amended complaint, against defendant, Hamilton Sundstrand Corporation, alleging discrimination in violation of 42 U.S.C. § 1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964 ("Title VII"). Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on October 13, 2000. The EEOC dismissed the charge as not timely filed and issued a right to sue letter on October 20, 2000. Plaintiff acknowledges receipt of the notice on October 26, 2000. Plaintiff filed this suit on January 25, 2001. An amended complaint was filed on November 7, 2001. Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) is before the court.

A 12(b)(6) motion is granted only if no set of facts consistent with plaintiff's complaint could be presented which would entitle him to judgment. See Hedrich v. Bd of Regents of Univ. of Wisc. Sys., 274 F.3d 1174 (7th Cir. 2001). A Title VII plaintiff must file a charge with the EEOC within 300 days of the alleged unlawful employment practice. See Snider v. Belvidere Township, 216 F.3d 616, 618 (7th Cir. 2000) Failure to timely file the charge bars any subsequent civil rights suit. Id. Here, plaintiff alleges he filed a charge with the EEOC on October 13, 2000. The charge states the last date discrimination took place was 12/01/1996, clearly more than 300 days before the charge was filed. Defendant argues that, on its face, the complaint shows plaintiff did not timely file his charge. Plaintiff does not respond to this issue but only asserts that he filed the complaint in this case on January 25, 2001, and received the right to sue letter on October 26, 2000. This does not cure the untimely EEOC charge.

As defendant points out in its motion to dismiss, plaintiff conceivably could argue (though he did not) that the statute of limitations was tolled during the pendency of Betts v. Sundstrand Corp., 97 C 50188, a case making class allegations filed in this court May 20, 1997. Class certification was denied in that case on June 21, 1999. Even assuming plaintiff was within the putative class and that the limitations period was tolled pending the denial of class certification, more than 300 days elapsed from the denial of class certification until the charge was filed. No other EEOC charge has been filed concerning any of the post-1996 incidents listed in the complaint and its Exh. A. Dismissal under 12(b)(6) is appropriate when plaintiff's complaint shows an EEOC charge was not timely filed. See Hedrich, 274 F.3d at 1182. Plaintiff's Title VII action, therefore, must be dismissed.

Plaintiff also asserts a violation of 42 U.S.C. § 1981. Section 1981 actions are governed by a two-year statute of limitations. See Vakharia v. Swedish Covenant Hosp., 190 F.3d 799, 807 (7th Cir. 1999), cert. denied, 530 U.S. 1204 (2000) Only claims arising after January 24, 1999, can form the basis of plaintiff's § 1981 action. The pre-1999 incidents listed in the complaint occurred outside the limitations period and claims based on them are barred. The allegations in Exh. A to the amended complaint, relating to events occurring from February, 1999, through October 25, 2001, are by and large incomprehensible. It is not clear whether plaintiff is alleging these events violate section 1981.

For the foregoing reasons, Plaintiff's complaint is dismissed with prejudice as to his Title VII claims and his pre-January 25, 1999, section 1981 claims. Plaintiff's complaint is dismissed with leave to file an amended complaint as to any post-January 24, 1999, section 1981 claims only, within 21 days of this order. If plaintiff does not file such an amended complaint within 21 days, the court will consider him to have abandoned the prosecution of these claims and will enter an order dismissing them with prejudice. Plaintiff is admonished that he must have a good faith basis for pleading all facts.