Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50026 | **DATE** | 6/7/2002 |
| **CASE TITLE** | WOODARD vs. HAMILTON SUNDSTRAND | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth on the reverse Memorandum Opinion and Order, defendant's motion to dismiss is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | 3 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| X | Notices mailed by judge's staff. | | JUN 10 2002 date docketed | 34 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | /lc courtroom deputy's initials | | 6-10-02 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Booker T. Woodard, filed, pro se a second-amended complaint, against defendant, Hamilton Sundstrand Corporation. The portions of plaintiff's first-amended complaint, alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 were dismissed with prejudice because plaintiff's complaint showed that the EEOC charge was not timely filed. However, plaintiff was given leave to file and amended complaint as to any post-January 24, 1999 claims under 42 U.S.C. § 1981 ("section 1981"). Woodard v. Sundstrand, 2002 WL 226876 (N.D. Ill. Feb. 14, 2002) (Reinhard, J). The court found the first amended complaint's allegations as to post-January 24, 1999 events incomprehensible and granted plaintiff another chance to plead a section 1981 claim. Id. at *1. Before the court is defendant's motion to dismiss plaintiff's second-amended complaint, filed pursuant to Fed. R. Civ. P. 12(b)(6).

A 12(b)(6) motion is granted if the plaintiff can prove no set of facts consistent with plaintiff's claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 102 (1957). Plaintiff's complaint need only contain a short and plain statement of the claim showing that plaintiff is entitled to relief. Swierkiewicz v. Sorema, 534 U.S. 506, __, 122 S.Ct. 992, 995 (2002). Even if the complaint itself fails to provide sufficient notice the court can look to plaintiff's response to defendant's motion to dismiss to supply necessary information. See Ross Brother Constr. Co. v. Int'l Steel Serv. Inc., 283 F.3d 867, 873 (7th Cir. 2002). Liberally, reading plaintiff's response to the motion along with his complaint, he has alleged he was not hired by defendant due to his race at a time after January 24, 1999. This is sufficient to state a claim under the liberal federal pleading rules. See Swierkiewicz, 122 S.Ct. at 998. A defendant believing it requires greater specificity in order to respond, can move for a more definite statement under Fed. R. Civ. P. 12(e) before answering. Id.

For the foregoing reasons, defendant's motion to dismiss is denied.