# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50026 | **DATE** | 8/7/2003 |
| **CASE TITLE** | Woodard vs. Hamilton Sundstrand Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's motion for summary judgment.

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant, Hamilton Sundstrand Corporation's, motion for summary judgment is granted. The court incorporates as final its prior order dismissing plaintiff's first amended complaint. This case is hereby dismissed in its entirety with prejudice.

(11) ■ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | number of notices | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | | |
| ✓ | Notices mailed by judge's staff. | | | AUG - 7 2003 | 50 |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 8-7-03 | |
| | | 03 AUG -7 PM 2:45 | | date mailed notice | |
| /LC | courtroom deputy's initials | FILED-WD Date/time received in central Clerk's Office | | SW mailing deputy initials | |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiff, Booker T. Woodard, filed a second amended complaint alleging that defendant, Hamilton Sundstrand Corporation, refused to hire him based on his race(African-American) in violation of 42 U.S.C. § 1981. Defendant moved for summary judgment, contending that plaintiff failed to present evidence on one of the elements of his prima facie case of discrimination, that is, whether he applied for a position and whether he was qualified for an open position.

Initially, it should be noted that this court previously ruled that the relevant time frame for plaintiff's claim is after January 24, 1999 based on the applicable limitations period. See Woodard v. Hamilton Sundstrand, 2002 WL 226876 (N.D. Ill. Feb. 14, 2002).

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. O'Neal v. City of New Albany, 293 F. 3d 998, 1003 (7th Cir. 2002). Generally, if a plaintiff presents evidence from which an inference of discrimination could be drawn, summary judgment is improper. O'Neal, 293 F. 3d at 1003.

A plaintiff may prove race discrimination under section 1981 via direct or indirect evidence. O'Neal, 293 F. 3d at 1003. Plaintiff here lacks direct proof of discrimination, therefore, he relies on the indirect, burden-shifting, approach. Applying this approach, plaintiff must first make out a prima facie case of discrimination by showing that: (1) he is a member of a protected class; (2) he applied and was qualified for the position sought; (3) he was rejected; and (4) the position remained open and the employer continued to seek applicants. See O'Neal, 293 F. 3d at 1003.

Here, plaintiff has failed to submit any evidence that he actually applied for a position with defendant after January 24, 1999. The best defendant can do in that regard is that he updated a resume he had earlier submitted to an employee in defendant's human resources department that he knew because he was in a class taught by the employee at a local community college. It is also undisputed that plaintiff had expressed to this employee a general interest in working for defendant. Plaintiff has offered no evidence, however, that he ever applied for a specific position after January 24, 1999.

Further, plaintiff offered no evidence of his qualifications for a particular position with defendant. Additionally, he has also not identified a particular position for which he was not hired after January 24, 1999.

Because plaintiff has failed to submit evidence to support one of the elements of his prima facie case(or at least raise a question of material fact as to that element), the court grants summary judgment in favor of defendant.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

Booker T. Woodard

v.

Sundstrand Corporation

**JUDGMENT IN A CIVIL CASE**

Case Number: 01 C 50026

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendant, Hamilton Sundstrand Corporation's, motion for summary judgment is granted. The court incorporates as final its prior order dismissing plaintiff's first amended complaint. This case is hereby dismissed in its entirety with prejudice.

FILED-WD
03 AUG -7 PM 2:45
CLERK
U.S. DISTRICT COURT

Michael W. Dobbins, Clerk of Court

Date: 8/7/2003

Susan M. Wessman, Deputy Clerk